MAX DURSCHLAG, *et al.*, for the use of The Turner-Day Company, v. ORLANDO McLEAN, *et ux.*

158 So. 811.
Division B.
Opinion Filed February 8, 1935.

*Watson & Pasco & Brown,* for Plaintiffs in Error; *Beggs & Beggs,* for Defendants in Error.

TERRELL, J.—This is an action in ejectment, the declaration being in the statutory form. There was a plea of not guilty and a trial resulted in a verdict for the defendants, which was set aside on motion of the plaintiff. A second trial also resulted in a verdict for the defendants. At the second trial the plaintiff seasonably moved for a directed verdict and to set aside the verdict and grant a new trial. Both motions were denied and writ of error was taken thereto.

Plaintiff in error urges four questions here but all turn on whether or not the evidence is sufficient to sustain the verdict and judgment.

The lands in controversy consist of a small parcel, irregular in shape, about 138 feet long and sixty-four to seventy-six feet wide. The plaintiff in error, who was plaintiff below, relies on his record title, prior possession, and a decree of the Circuit Court quieting the title, to support his contention, while the defendant was a "squatter" and relies on possession without color of title to support his claim.

The applicable statute relied on by the defendant in Section 2936, Revised General Statutes of 1920, Section 4656, Compiled General Laws of 1927, which is as follows:

"1. Where it shall appear that there has been actual continued occupancy for seven years of premises under a claim of title, exclusive of any other right but not founded upon a written instrument or a judgment or decree, the premises so actually occupied and no other shall be deemed to have been held adversely.

"2. For the purpose of constituting adverse possession by a person claiming title not founded upon a written instrument, judgment, or decree, lands shall be deemed to have

been possessed and occupied in the following cases only: (1) Where it has been protected by substantial enclosure; or (2) Where it has been usually cultivated or improved."

If the defendant prevails under this statute he must prove actual continued occupancy for seven years, such occupancy to extend only to the lands occupied and to be supported by a substantial enclosure or by cultivation or improvement of the lands so occupied.

The parcel of land claimed by defendant here is a small portion of a large tract which he contends that he has actually occupied and cultivated or improved for the seven-year period. He does not claim title on the basis of a substantial enclosure, though it be shown to have had a fence on three sides.

The evidence discloses that the lands in controversy were bounded on two sides by fences surrounding the lands of Dorsey and McFarland, and on the third side by a fence of the defendant along the highway. On the fourth side it is not contended that there was any kind of an enclosure but since the defendant relies on the fact that he has improved or cultivated the lands in question the matter of whether or not they were fenced is important only to show the bounds of cultivation or improvement.

The evidence as a whole is sufficient if believed to show continued occupancy and possession for the period of seven years. It also shows that part of the lands claimed were cultivated in flowers and that all of it as far back as the fences around the adjoining properties on the north and south was kept cleared, that is to say that it was "usually cultivated or improved."

Two juries have found that the evidence was sufficient to establish title in the defendant by seven years' occupancy accompanied by cultivation and improvement, and the trial

judge refused to disturb the finding in the second instance. We have examined the evidence carefully and on the whole showing made we cannot say that error was committed.

The judgment below is accordingly affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.